IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALMAZ NEZIROVIC, | ) | CASE NO. 7:15CV00170 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| TIMOTHY HEAPHY, *ET AL.*, | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Defendant(s). | ) | |

Almaz Nezirovic, filed this civil action while he was a detainee at the Western Virginia Regional Jail awaiting the disposition of extradition proceedings. The court construed and docketed his pleading as a civil rights action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Nezirovic alleges that the defendant federal officers falsely charged him with immigration fraud and wrongfully argued to the court that he is eligible for extradition for war crimes in the former Yugoslovia, which stalled his attempt to become a naturalized citizen of the United States. Based on financial information Nezirovic has submitted in this case, I will grant him *in forma pauperis* status under 28 U.S.C. § 1915(a). Upon review of his complaint, however, I conclude that his case must be summarily dismissed under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim.

I.

Nezirovic is a citizen of Bosnia and Herzegovina ("Bosnia"), which was part of the former country of Yugoslavia. In 1997, after the sectarian war in that region from 1991 to 1995, Nezirovic applied for admission to the United States as a refugee. In so doing, he completed a Refugee Application (From I-590) on which he denied having committed any crimes. His application was granted. In 1999, Nezirovic filed a Form I-485 seeking permanent resident

1

status, also known as a "green card," which was granted, allowing him to live and work in the United States indefinitely and to apply for citizenship. He and his wife lived for several years in Roanoke, Virginia. In November 2004, they filed applications for naturalization (Form N-400).

In June 2011, a federal grand jury returned a two-count indictment charging Nezirovic with committing fraud by lying about his past in immigration documents he completed in connection with his entry into the United States and his attempt to obtain citizenship. *See United States v. Nezirovic*, No. 7:11CR00047 (W.D. Va. June 30, 2014). Among other things, the indictment alleged that during the war in Yugoslavia, between April and July 1992, Nezirovic joined the Croatian Defense Council ("HVO"). In that military role, he served as a guard at the Rabic camp in Derventa Municipality, where Serbian civilians were detained. The indictment further alleged that as a guard, Nezirovic willfully caused suffering and serious injury to specific Serbian civilians, conduct similar to that of other Rabic camp officials who were charged and convicted for committing war crimes against civilians.[1] Nezirovic was arrested on June 24, 2011, and detained on these federal charges. The court ordered him released on bond on June 27, 2011. The criminal case was then continued several times.

A five-count superseding indictment issued in April 2012, charging that in June 2011, Nezirovic possessed a permanent resident card knowingly procured by means of false claims and statements, in violation of 18 U.S.C. § 1546(a) (Count One); and that in November 2004, Nezirovic knowingly included false information in his naturalization application, in violation of 1425(a) (Counts Two through Five). Count One was based on allegations that on his Form I-485, Nezirovic falsely represented that he had not performed foreign military service and falsely

---

[1] Count One of the indictment alleged that Nezirovic failed to disclose his inhumane treatment of Serb civilians on his Form I-590, his Form I-485, or his Form N-400, and instead, misrepresented that he had committed no crimes during the war. Count Two alleged that Nezirovic had declared under oath during his June 2006 immigration interview that the contents of his naturalization application were true and correct.

denied that he had provided false information to obtain refugee status in 1997, when he stated that he had committed no crimes. Counts Two through Five were based on allegations that Nezirovic made false representations on his Form I-400 seeking naturalization, by representing that he had never "persecuted, directly or indirectly, any person because of race, religion, national origin, membership in a particular social group or political opinion," that "he had never committed a crime for which he had not been arrested," and that "he had never given false or misleading information to any U.S. government official while applying for any immigration benefit" or "to gain entry or admission into the United States."

In July 2012, the United States, at the request of the government of Bosnia, filed a complaint to extradite Nezirovic to Bosnia to face prosecution of a January 12, 1993, criminal report issued by the Doboj Police Department of Bosnia against 127 persons, including Nezirovic. The report stated that according to witness reports, Nezirovic had committed certain war crimes against civilians in violation of Article 142 of the adopted Criminal Code of the Socialist Federal Republic of Yugoslavia ("SFRY"), a law in effect at the time of the alleged crimes. The District Court in Doboj had issued a warrant for Nezirovic's arrest on these charges in May 2003. Bosnian officials, in support of the July 2012 extradition request, submitted statements from 21 witnesses to Nezirovic's acts of torture on detained civilians. In response to this extradition complaint, federal authorities in Roanoke arrested and detained Nezirovic on July 17, 2012, his request for bond was denied, and he remained in detention from that date until his extradition. The parties agreed to continue the criminal proceedings (No. 7:11CR00047) pending the resolution of the extradition request.

The extradition complaint against Nezirovic was assigned to United States Magistrate Judge Robert S. Ballou of this court, who conducted an evidentiary hearing on September 7,

2012. The limited purpose of such a hearing is to determine "(1) whether there is probable cause to believe that there has been a violation of the laws of the foreign country requesting extradition, (2) whether such conduct would have been criminal if committed in the United States, and (3) whether the fugitive is the person sought by the foreign country for violating its laws."[2] *Gon v. Holt*, 774 F.3d 207, 210 (4th Cir. 2014) (citation omitted). Judge Ballou concluded that "the record supports an independent finding of probable cause to believe that Nezirovic committed the crimes charged" in the 1993 report. *In re Extradition of Nezirovic*, No. 7:12MC39, 2013 WL 5202420, at *7 (W.D. Va. Sept. 16, 2013). Judge Ballou also found that the 1993 criminal report was the functional equivalent of a charging document so as to toll the applicable statute of limitations and that Nezirovic's charged acts did not fall under a political activity exception. *Id.* at *14-18. As such, the magistrate judge found Nezirovic subject to extradition under the Extradition Treaty between the United States and Bosnia, as supplemented by the Convention against Torture ("CAT"); therefore, the magistrate judge issued the Secretary of State a certificate of extraditability for Nezirovic.

Nezirovic's only vehicle to challenge Judge Ballou's decision was to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his detention. In his habeas petition, among other things, Nezirovic argued that because the 1993 report was not a criminal charge that tolled the applicable statute of limitations, his extradition should be time barred; and that his actions were merely political activity, making him exempt from extradition. United States District Judge Michael F. Urbanski denied this § 2241 petition, and Nezirovic's

---

[2] Nezirovic does not deny that he is the individual sought in the extradition request.

appeal was unsuccessful. *Nezirovic v. Holt*, 990 F.Supp.2d 606 (W.D. Va. Mar. 13, 2014), *affirmed*, 779 F.3d 233 (4th Cir. Feb. 25, 2015).[3]

After Judge Urbanski denied Nezirovic's § 2241 petition, the United States moved to dismiss the federal criminal charges without prejudice. The motion stated that

> [g]iven the imminent resolution of the extradition proceeding and taking into account the significant expense that will be incurred to bring witnesses from Bosnia-Herzegovina to testify in connection with the criminal case against Nezirovic, the United States has determined that judicial economy and the ends of justice will be best served by the dismissal of the criminal case without prejudice, and by allowing the extradition proceedings to be resolved on appeal.

Mot. Dism. ¶ 6, No. 7:11CR00047, ECF No. 83. On June 30, 2014, "for the reasons . . . set forth in the motion of the United States to dismiss without prejudice," the court granted that motion and dismissed the criminal action against Nezirovic without prejudice.

In his current complaint, Nezirovic names as defendants former United States Attorney Tim Heaphy and Homeland Security Inspector Michael Tarantino. Nezirovic alleges the following claims for relief: (1) defendants arrested him in 2011 on charges of immigration fraud, based on defendants' lies that he had been charged with war crimes in Bosnia; and although he allegedly "won" the fraud case, it caused his application for citizenship to be "frozen and it was never certified"; and (2) Heaphy and Tarantino purposely relied on inaccurately translated documents when they claimed that Nezirovic had been charged with committing war crimes, which caused him to lose the extradition proceedings in this court and the court of appeals.

Both of Nezirovic's claims rely on the interpretation of the term "criminal charge." The Extradition Treaty expressly states that the United States and Bosnia "agree to deliver up persons who[ have] been charged with or convicted of" specified crimes. (ECF No. 18-2, at 1-2.)

---

[3] The United States Court of Appeals for the Fourth Circuit denied Nezirovic's petition for rehearing by order entered April 24, 2015, and issued its mandate in the habeas appeal on May 4, 2015.

Neziroic claims that since he has never been criminally charged or convicted, he cannot be extradited. He presents "new evidence" from Bosnia that purportedly proves this point: a letter to Nezirovic, dated May 7, 2014, purportedly from a district prosecutor in Bosnia, which states, in pertinent part:

> [R]egarding the request of Almaz Nezirov for clarifications of the item of Paragraph 1, Article 142 that served as the ground for his arraignment, please advise him that the investigation at this Prosecutor's Office is still ongoing, and that the [requester] still has the status of a suspect, and not of a defendant, according to the Criminal Procedure Law of Republic of Srpska, and therefore – upon his eventual extradition to Bosnia and Herzegovina, he will be provided with all clarifications regarding the grounds of suspicion that he is *charged* with, and regarding his possibilities to present his defense.

(Compl. Ex. 11, ECF No. 1-1) (emphasis added.) As relief in this civil action, Nezirovic seeks to have Heaphy and Tarantino held responsible in a court of law, to have the extradition case dismissed, and to be immediately released from detention.[4]

## II.

As an initial matter, Nezirovic's claims seeking dismissal of the extradition proceedings and his immediate release from detention in Virginia must be summarily dismissed as moot. As Nezirovic is no longer detained in this state or this country, this court has no authority to order his release from detention. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (finding that prisoner's transfer rendered moot his claims for injunctive and declaratory relief). To the extent that Nezirovic seeks monetary damages against Heaphy and Tarantino,[5] however, his claims are not mooted by his extradition to Bosnia. *Id.* For other reasons, however, I find that

---

[4] Nezirovic also seeks reinstatement of the citizenship applications that he and his wife filed more than ten years ago. "The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421. Thus, I cannot find that this form of relief is available by seeking injunctive relief in a *Bivens* action against a prosecutor and a federal investigator.

[5] Although Nezirovic does not state an express claim for a stated amount of monetary damages, for the sake of this opinion, I liberally construe his demand to hold the defendants responsible in a court of law as a demand for damages against them.

Nezirovic's complaint as a whole must be summarily dismissed for failure to state any claim cognizable under *Bivens*.

A district court must evaluate a complaint filed *in forma pauperis* and dismiss it if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) ("[Section] 1915 permits district courts to independently assess the merits of *in forma pauperis* complaints, and to exclude suits that have no arguable basis in law or fact.") (citation and internal quotations omitted). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (citations omitted). Although the court liberally construes *pro se* complaints, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, *sua sponte* developing statutory and constitutional claims not clearly raised in a complaint. *See Gordon v. Leeke*, 574 F .2d 1147, 1151 (4th Cir.1978).

In the *Bivens* decision, the Supreme Court recognized a "damages remedy designed to vindicate violations of constitutional rights by federal actors." *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000). Because such an action is similar to a § 1983 action against state officials, courts frequently rely on case law from § 1983 actions in resolving claims under *Bivens*. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (finding that a *Bivens* action is the "federal analog to suits brought against state officials under . . . § 1983") (internal quotations and citations omitted).

I liberally construe Nezirovic's first claim as alleging that Heaphy and Tarantino maliciously prosecuted him for immigration fraud in 2011 and for extradition purposes in 2012,

in violation of his rights under the Fourth Amendment to protection against unreasonable seizure.

If there is a malicious prosecution claim actionable under *Bivens* or § 1983,[6] it "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution—specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). To succeed on such a claim, "plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." *Id.* (quoting *Lambert*, 223 F.3d at 262). Accordingly,

> for a plaintiff to state a § 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, the law of this circuit requires that "the defendant have seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). Although malice is required to state a claim for malicious prosecution at common law, the reasonableness of a seizure under the Fourth Amendment should be analyzed objectively. *Id.* at 514 n.5.

*Id.* The favorable termination element of the claim requires a showing that the "prior criminal case against the plaintiff has been disposed of in a way that indicates the plaintiff's innocence." *Id.* at 202 (Stamp, Sr. J., concurring) (citing *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) ("Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused . . . only when its final disposition is such as to indicate the innocence of the accused.")).

As stated, Nezirovic insists that he has never been charged with a crime in Bosnia and thus, Heaphy and Tarantino lied in seeking the superseding indictment, when they said he failed to report his past crimes. He argues that since he is only a suspect in an ongoing investigation in

---

[6] Whether an independent civil cause of action for malicious prosecution even exists has been an ongoing debate. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983, and we do not do so here.") (citation omitted); *Albright v. Oliver*, 510 U.S. 266, 279-80 n. 5 (1994) (Ginsburg, J., concurring) (finding it unclear whether the Constitution recognizes separate constitutional right to be free from malicious prosecution); *Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000) (same).

Bosnia, according to a 2014 letter from the prosecutor there, he did not provide false information on any immigration document and his citizenship application should go forward. He also asserts that he "won" the immigration fraud case.

I find no merit to these assertions and arguments. As stated, Judge Ballou found that the 1993 criminal report was the functional equivalent of a criminal charge and that Nezirovic was subject to extradition under the cited treaties, based on the evidence of his misdeeds in 1992. *Nezirovic*, No. 7:12MC39, 2013 WL 5202420, at *14-16. Moreover, based on the criminal report, Bosnian officials issued an arrest warrant for Nezirovic in 2003, indicating clear intent to pursue criminal proceedings against him. Nezirovic's new evidence supports no different conclusion. The Bosnian prosecutor's 2014 letter calls Nezirovic a "suspect," but also refers specifically to "the grounds of suspicion that [Nezirovic] is *charged* with," and supports his extradition under the applicable treaties, which only authorized extradition based on a foreign criminal charge or conviction. As such, even if Heaphy or Tarantino stated at any time in the criminal proceedings that Nezirovic had been "charged" with war crimes, I cannot conclude that these statements were intentional misrepresentations of facts.

Furthermore, the wording of the superseding indictment itself belies Nezirovic's claim that it was based on any misrepresentation of past criminal charges. Rather, the federal counts alleged that Nezirovic misrepresented or failed to disclose facts concerning his actions during the Bosnian conflict. The indictment did not assert that Nezirovic had failed to disclose past or existing criminal charges or convictions in his country of origin. Thus, I cannot conclude that defendants knowingly seized Nezirovic without probable cause to believe that he had committed the charged conduct: providing inaccurate or incomplete information on immigration documents.

Finally, Nezirovic has not demonstrated that the criminal proceedings in this court terminated in his favor. Nezirovic was not acquitted of the charged fraudulent conduct, and the case was not dismissed with prejudice, so as to prevent his future prosecution for that conduct. Most importantly, nothing in the record indicates that the criminal case was dismissed because Nezirovic is innocent of the charged fraud. On the contrary, the court dismissed the criminal case upon agreeing with the parties that "judicial economy and the ends of justice will be best served by the dismissal of the criminal case without prejudice, and by allowing the extradition proceedings" to go forward. For the stated reasons, I conclude that Nezirovic fails to state any malicious prosecution claim under *Bivens* regarding the federal criminal case and will, therefore, summarily dismiss this claim under § 1915(e)(2)(b).

In his second claim, Nezirovic asserts a malicious prosecution claim against Heaphy and Tarantino with regard to the extradition proceedings. This claim clearly fails, because these proceedings did not terminate in Nezirovic's favor. Where "there was no favorable outcome in the U.S. [extradition] proceedings, as necessary to support [a] malicious prosecution claim under the U.S Constitution," plaintiff fails to allege a deprivation of any constitutionally protected right related to those proceedings. *Snider*, 584 F.3d at 201. Accordingly, I conclude that Nezirovic fails to state any malicious prosecution claim under *Bivens* regarding the extradition case and will, therefore, summarily dismiss this claim under § 1915(e)(2)(b).

Finally, because Nezirovic is proceeding *pro se* in this action, I could construe his submission as a petition for a writ of habeas corpus petition under 28 U.S.C. § 2241. I decline to do so, however. First and foremost, I have no jurisdiction to rule on a § 2241 petition for a petitioner who is no longer in this country. In any event, Nezirovic raised or could have raised his current challenges to the extradition proceeding in his initial § 2241 petition and presents no

justification for failing to do so. Accordingly, I conclude that these claims are barred from review under the "abuse-of-the-writ" doctrine. *See, e.g., Queen v.. Miner*, 530 F.3d 253, 254 (3d Cir. 2008) (per curiam) (holding that district court properly dismissed § 2241 petition under 28 U.S.C. § 2244(a) where the issues raised either had been, or could have been, decided in previous § 2241 action) (citing *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (noting that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (dismissing pursuant to § 2244(a) jail-credit claim brought in earlier § 2241 petition).

### III.

For the reasons stated, I will dismiss the complaint without prejudice, pursuant to § 1915(e)(2)(b), as moot or for failure to state a claim.

ENTER: This __8th__ day of July, 2015.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE